IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| OTMAR PETER WITTINE,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH ZAVATSKI,<br><br>Defendant. | Cause No. CV 21-93-BLG-SPW-TJC<br><br><br>ORDER |

On August 18, 2021, Plaintiff Wittine, a self-represented state pretrial detainee, moved to proceed in forma pauperis with a complaint alleging that Montana's Regional Public Defender violated his rights by removing one attorney from his case and appointing another. *See* Compl. (Doc. 2) at 5. On October 8, 2021, Wittine amended his complaint to sue Zavatski in his individual capacity. *See* Amendment (Doc. 5) at 1–2.

**I. Motion to Proceed In Forma Pauperis**

Wittine adequately demonstrates that he is not able to pay the full filing fee at this time. *See* Mot. (Doc. 1); Account Statement (Doc. 1-1); *see also* Account Statement (Doc. 1-1), *Wittine v. Riley*, No. CV 21-88-BLG-SPW-TJC (D. Mont.

1

filed Aug. 13, 2021). His motion to proceed in forma pauperis will be granted. *See* 28 U.S.C. § 1915(a)(1).

Because Wittine is a prisoner, *see id.* § 1915(h), he is still required to pay a $350.00 filing fee in installments taken from his inmate trust account and consisting of 20% of each month's deposits into the account, provided the balance is at least $10.00. The Court will waive the initial partial filing fee because it is not clear Wittine could pay it. The total fee and the rate of withdrawal are established by Congress and cannot be altered by the Court. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1), (2), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). A collection order accompanies this Order.

## II. Screening

Because Wittine is a prisoner and is proceeding in forma pauperis, the Court must review the complaint to determine whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(a), (b)(1). A federal court must liberally construe pleadings filed by unrepresented prisoners and extend an opportunity to amend where appropriate. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Nonetheless, the Court must dismiss a claim when its defects cannot be cured by amendment. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

### III.  Allegations of the Complaint

Wittine alleges that he was ably represented by attorney Lance Lundvall for two years, until the end of June 2021, when he received a service copy of a notice of substitution filed in his two pending criminal cases.  Defendant Zavatsky,[1] the Regional Public Defender, filed the notices, naming Mark Epperson as Wittine's new counsel.  *See, e.g.*, Compl. at 5, 12; Compl. Exs. (Doc. 2-1) A2, A3.  Wittine objects to the abrupt and unexplained substitution and fears that Epperson will not represent him well.  *See* Compl. at 15 ¶¶ 27–28, 17 ¶ 42.  He claims that Montana's Public Defender Act prohibits substitution without his consent, *see, e.g.*, Compl. at 13 ¶ 16, and that the substitution violates the Fourteenth Amendment's guarantee of due process, *see id.* at 3 ¶ II(B).  He seeks declaratory judgment, compensatory damages of at least $200,000, punitive damages, and costs.  *See id.* at 5.

### IV.  Analysis

Wittine asserts federal-question jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  *See* Compl. at 3 ¶ II(A).  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of

---

[1]  Wittine spells the name differently.  The Court follows the spelling reflected in Wittine's exhibits.

3

the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Campbell v. State of Washington Dep't of Soc. and Health Servs.*, 671 F.3d 837, 842 n. 5 (9th Cir. 2011).

A public defender who is representing a client is not acting under color of law. *See Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981). In replacing Lundvall, Defendant Zavatski was not representing Wittine but performed an administrative function. He acted under color of state law and is subject to suit under § 1983. *See, e.g.*, *Miranda v. Clark County*, 319 F.3d 465, 466–67, 469–70 (9th Cir. 2003) (en banc) (discussing *Polk County*, 454 U.S. at 324–25).

Under the Sixth Amendment, "[a]n accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." *Strickland v. Washington*, 466 U.S. 668, 685 (1984). "[T]he essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). Thus, the Supreme Court "reject[s] the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel." *Morris v. Slappy*, 461 U.S. 1, 14 (1983). "[A] defendant may not insist

on representation by an attorney he cannot afford or who for other reasons declines to represent the defendant." *Wheat*, 486 U.S. at 159.

Drawing reasonable inferences from Wittine's allegations and exhibits, it appears Lundvall represented Wittine in Cause No. DC-19-053. In 2020, the State filed a new case against Wittine, No. DC-20-69. Chris White was appointed to represent him in that case. In 2021, Zavatsky, who had recently been named the Regional Deputy Public Defender, decided that one attorney should handle both cases. *See* Compl. Ex. (Doc. 2-1) A13.

Zavatsky's decision was reasonable and followed a common and lawful practice. Wittine states that the substitution occurred 76 days before trial, *see* Compl. at 13 ¶ 9, ample time for a new lawyer to review and assess the case. Wittine insists the substitution was unlawful because he believed Lundvall was doing a good job. But a good relationship between counsel and client is not the purpose of the Sixth Amendment guarantee of counsel. Zavatski's action did not deprive Wittine of counsel, merely of the services of the attorney he preferred.

Wittine's allegations fail to support a plausible inference that Zavatski's unremarkable and lawful decision violated the Sixth Amendment guarantee of effective counsel. If Wittine's counsel proves ineffective in his defense, he will have the same remedy all defendants have, through the normal mechanisms of

5

appeal, postconviction proceedings, or federal habeas review. A lawsuit under 42 U.S.C. § 1983 is not available as a tool for monitoring counsel's performance, as federal courts generally refuse to intervene in ongoing state proceedings. *See, e.g.*, *Younger v. Harris*, 401 U.S. 37, 43–45 (1971).

To the extent Wittine asserts a due process violation, he cannot show that he was entitled to notice and opportunity to be heard before a substitution of counsel. Certainly, it would have been appropriate to advise Wittine that his cases might be consolidated under one attorney before the notice of substitution was filed. But neither federal law nor Montana's Public Defender Act, *see* Mont. Code Ann. §§ 47-1-101 through -401, conferred upon Wittine a protected liberty or property interest in a specific attorney's continuation as his counsel. *See, e.g.*, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756–57 (2005).

Finally, Wittine alleges that "protection from unlawful substitution of counsel without the expressly given consent" of the client is "[d]efinitively inclusive in Montana's Public Defenders Act under Title 47." Compl. at 12 ¶ 8. This claim is a novel one. Neither the Public Defender Act nor the accompanying regulations, *see* Mont. Admin. R. 2.69.101 through -.301, address substitution of counsel. Such a right would, therefore, have to be recognized by a court decision that has not, to date, been made. State courts should be accorded primary

responsibility to develop case law and practice concerning Montana's public defenders. As Wittine fails to state a claim under federal law, the Court should decline to exercise supplemental jurisdiction to decide a novel question of state law. *See* 28 U.S.C. § 1367(c)(1), (3).

### V.  Conclusion

Wittine's complaint does not allege facts supporting an inference that Defendant Zavatski deprived him of his Sixth Amendment right to counsel or of his Fourteenth Amendment right to due process. Because the facts he alleges do not violate the Constitution, amendment could not cure the defects of the complaint. The law governing his case is well-established and not subject to dispute among reasonable jurists. An appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A), (4)(B). Any claims under federal law should be dismissed with prejudice. Assuming the doubtful proposition that Wittine may have a claim under state law, this Court should decline to exercise its supplemental jurisdiction.

Accordingly, IT IS ORDERED that Wittine's motion to proceed in forma pauperis (Doc. 1) is GRANTED. Further, the Court RECOMMENDS:

1.  Wittine's federal claims (Doc. 2) should be DISMISSED WITH PREJUDICE and without leave to amend for failure to state a claim on which

relief may be granted.

2. Any claims under state law should be DISMISSED WITHOUT PREJUDICE to refiling in state court.

3. The District Court should CERTIFY, pursuant to Federal Rule of Appellate Procedure 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Wittine may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[2]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Wittine must immediately advise the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of this action without notice to him.

DATED this 13th day of October, 2021.

                                                     */s/ Timothy J. Cavan*
                                                     Timothy J. Cavan
                                                     United States Magistrate Judge

---

[2]  This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.